UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVIE LOUIS JONES,

    Defendant.
_____/

Case No. 1:23-cr-128

HON. JANE M. BECKERING

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's motion to modify his sentence (ECF No. 45).

In 2023, Defendant pleaded guilty to armed bank robbery and brandishing a firearm during a crime of violence (ECF No. 36 at PageID.127 ¶¶ 2–4 & 6 (filed under restricted access)). United States District Judge Janet T. Neff sentenced Defendant to 41 months in custody on the bank robbery count and 84 months on the brandishing count, to be served consecutively (ECF No. 41 at PageID.166). On January 27, 2025 this case was reassigned to the undersigned (ECF No. 44).

Defendant writes that he understands 18 U.S.C. § 924(c) to have been found unconstitutional, such that "courts [can] no longer double stack sentences" (ECF No. 45 at PageID.180). On this basis, he asks to have his sentence corrected.[1]

---

[1] Defendant also mailed the Court a subsequent filing, albeit without leave of the court, in which he characterizes his request as premised upon the "Hobbs Act law which was passed in November 1st 2024" (ECF No. 49). This subsequent filing does not compel a different conclusion. Defendant was not convicted of any crimes under the Hobbs Act, which was enacted in 1946 and codified at 18 U.S.C. § 1951 in 1948.

However, § 924(c) has not been found unconstitutional. As the government explains, Defendant's motion seems to misapprehend the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). The First Step Act was signed into law on December 21, 2018, more than five years before Jones was sentenced. This statute amended § 924(c) in certain ways, limiting mandatory-minimum sentences in some firearms cases when defendants have multiple 924(c) charges. Nonetheless, § 924(c) still requires that, in addition to his sentence for the bank robbery offense, Defendant must also serve "not less than 7 years" for brandishing a firearm in connection with the crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii). Consistent with the statute and the applicable guidelines, Defendant was sentenced for his bank robbery offense and he was also sentenced, consecutively, to the mandatory minimum seven-year sentence for brandishing a firearm in furtherance of the robbery. Accordingly, the Court discerns no basis for Defendant's motion.

**IT IS HEREBY ORDERED** that Defendant's motion to modify his sentence (ECF No. 45) is DENIED.

Dated:  February 20, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge